RYAN, The ANN.　　See Case No. 428.

━━━

## Case No. 12,189.

### RYBERG et al. v. SNELL.

[2 Wash. C. C. 294.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1808.

**BILL OF LADING — TITLE TRANSFERRED BY ASSIGNMENT—BILL OF EXCHANGE—CONSIDERATION—POSSESSION.**

1. E. consigned a cargo to the plaintiffs, to whom he was indebted; and, before or on the sailing of the vessel for Copenhagen, the bills of lading for the same were assigned by him to Gardner & Co., who sent the defendant, as their agent, to communicate the same. The cargo was sold by the plaintiffs, and merchandize shipped to Gardner & Co. in return, and the defendant drew the bill upon which this suit was instituted, in favour of the plaintiffs, on Gardner & Co., for a balance claimed by them, being the debt due to them by E.; which bill Gardner & Co. refused to pay. In an action by the payee against the drawer, the consideration of the bill may be inquired into.

2. The endorsement of a bill of lading transfers all the legal right in the property to the assignee, and the consignee cannot claim his debt out of the property shipped to him, unless it was actually in his possession before the assignment of the bill of lading.

3. Where a consignment had been made by a debtor to his creditor, the transfer of the bill of lading might not take the property from the creditor.

4. The possession of the consignee, after the assignment of the bill of lading, was the possession of Gardner & Co., and therefore the plaintiffs could have no lien on the goods consigned to them for the debt of E.

[Cited in Donath v. Broomhead, 7 Pa. St. 302.]

This was an action on a bill of exchange, drawn by the defendant on Gardner & Co. in favour of the plaintiffs, which was duly protested, and notice given.

The defendant made out the following case: One Echart, on the 10th of May, 1806,

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

shipped on board the Mary, a cargo consigned to the plaintiffs, merchants at Copenhagen, for account and at the risk of the shipper. At this time, Echart was indebted to the plaintiffs. On the 26th of May, about the time of the sailing of the vessel, or shortly after, Echart, for a valuable consideration, assigned over the bill of lading to Gardner & Co., the drawees, who immediately despatched the defendant to Copenhagen in another vessel, to apprize the plaintiffs of their right to the cargo. The cargo was sold. and the plaintiffs shipped sundry goods to Gardner & Co. in return, which, together with the debt due to them from Echart, made a balance due from Gardner & Co., for which Snell, as his agent, drew the bill on which the suit is brought. If the item of charge against Echart had been omitted, the balance would have been in favour of Gardner & Co. This account, from the heading of it, shows that the plaintiffs knew of the transfer of the cargo to Gardner & Co.

Mr. Hallowell, for plaintiffs, contended, that the bill of lading vested such a title in the consignee, to the amount at least of his debt against Echart; that Echart could not have stopped the goods in transitu, and which right he could not divest by an assignment of the bill of lading. Of course, the bill was given for a just consideration.

WASHINGTON, Circuit Justice (PETERS, District Judge, absent), stopped Hopkinson, who was to have argued for the defendant, and observed, that the case was too plain to justify the delay of a further discussion. The principles which must govern the case are so clear, that there cannot be two opinions respecting them. The suit is brought by the payee against the drawer; and consequently, the consideration for which the bill was drawn, may be inquired into. If Echart's debt was not properly chargeable to Gardner & Co., then the bill was drawn without consideration; because, striking out that item, the balance was in favour of Gardner & Co. The legal result of all this would be, that the plaintiffs cannot recover. The endorsement of a bill of lading, transfers the legal right in the property to the assignee, and therefore all the right of Echart in this cargo passed to Gardner & Co., on the 26th of May, by the assignment made on that day. Had the cargo got into the actual possession of the plaintiffs before the assignment, they would have had a right, in virtue of their lien, to satisfy their debt against Echart, out of the proceeds. But this lien can never arise, until such actual possession is obtained; and at the time it attaches. the property must belong to the principal, and it continues no longer than the actual possession continues. This was not a consignment by a debtor to his creditor, for the purpose of discharging a debt; but from a principal to his factor, for account. and at the risk of the principal. The possession of the plaintiffs was the possession of Gardner & Co., who had acquired a legal title to the property, long before the goods arrived; and of course they could have no lien, on account of a debt due from Echart. The bill, then, is drawn without consideration, and your verdict should be for the defendant.

The plaintiffs suffered a nonsuit.

[For a motion to take off the nonsuit ordered as above, see Case No. 12,190.]